IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **RANDI SPEARS,** | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 1:25-CV-01227-RP** |
| | § | |
| **AUSTIN COMMUNITY COLLEGE,** | § | |
| *Defendant.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

Pursuant to Local Rule CV-16(d), Plaintiff Randi Spears and Defendant Austin Community College (collectively, "the Parties") file this Joint Discovery/Case Management Plan.

1. **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

    Plaintiff's Position:

    The cause of action is violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d). The elements are (1) the plaintiff was paid less than a male employed in the same establishment, (2) for equal work on jobs requiring equal skill, effort, and responsibility, (3) which were performed under similar working conditions.

    Defendant's Position:

    Defendant denies that plaintiff was paid less than a male employee performing equal work on jobs requiring equal skill, effort, and responsibility, performed under similar working conditions.

2. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:**

    a. **Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

    There are no outstanding jurisdictional issues.

    b. **If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?**

    There are no outstanding jurisdictional issues.

3. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

   There are no unserved parties.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

   None at this time.

5. **Are there any legal issues in this case that can be narrowed by agreement or by motion?**

   None at this time.

6. **Are there any issues about preservation of discoverable information?**

   None at this time.

7. **Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

   None at this time. In general, electronically-stored information should be produced in .pdf and/or native form with metadata included as necessary and proportionate to the case.

8. **What are the subjects on which discovery may be needed?**

   The Parties anticipate taking discovery on all merits-based issues presented in this case.

9. **Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

   The Parties will exchange their Initial Disclosures by October 13, 2025. No changes are needed in the timing, form, or requirement for initial disclosures.

10. **What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

    No discovery has been completed to date. The Parties will exchange their Initial Disclosures by October 13, 2025. The Parties anticipate exchanging written discovery and taking depositions. The Parties have proposed a discovery deadline in their proposed scheduling order. The Parties do not see a need to conduct discovery in phases or to agree to limit discovery at this time.

**11.     What, if any, discovery disputes exist?**

None at this time.

**12.     Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The Parties have discussed entering into an agreed confidentiality and protective order. If they decide to do so, they will propose an order consistent with the Court's form order, which will include a proposed Rule 502 order.

**13.     Have the parties discussed early mediation?**

At this early stage, the parties have not engaged in discussions related to the possibility of mediating this dispute. The parties will endeavor to recognize, in good faith, if an opportunity for a productive mediation arises in the future.

**14.     Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

The Parties have discussed entering into an agreed confidentiality and protective order. If they decide to do so, they will propose an order consistent with the Court's form order, which will include a proposed Rule 502 order.

Dated:  September 15, 2025                                    Respectfully submitted,

| | |
|---|---|
| */s/ Matt Bachop* | */s/ Gunnar P. Seaquist* |
| Matt Bachop | BICKERSTAFF HEATH |
| TBN: 24055127 | DELGADO ACOSTA, LLP |
| DEATS DURST & OWEN, PLLC | Two Barton Skyway |
| 8140 N Mopac Expy, Suite 4-250 | 1601 S. MoPac Expy., Suite C400 |
| Austin, Texas 78759 | Austin, Texas 78746 |
| (512) 474-6200 | Telephone: (512) 472-8021 |
| FAX (512) 474-7896 | Facsimile: (512) 320-5638 |
| mbachop@ddollaw.com | GUNNAR P. SEAQUIST |
| | State Bar No. 24043358 |
| **ATTORNEY FOR PLAINTIFF** | gseaquist@bickerstaff.com |
| | JOSHUA D. KATZ |
| | State Bar No. 24044985 |
| | jkatz@bickerstaff.com |
| | SARA LABASHOSKY |
| | State Bar No. 24129467 |
| | slabashosky@bickerstaff.com |
| | |
| | **ATTORNEYS FOR DEFENDANT** |

## **CERTIFICATE OF SERVICE**

    I hereby certify that on September 15, 2025 a true and correct copy of the foregoing was served on all counsel of record by the Court's ECF system.

*/s/ Matt Bachop*
Matt Bachop